O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOLLIE STEVENS, an individual, Z REAL ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>VLADIMER MIKHAILOVICH ISPEROV, an individual, BORIS DORFMAN, an individual, LENDING BEE, INC, a corporation, VELOCITY COMMERCIAL CAPITAL LLC, a corporation, IRIDIUM LLC, a corporation, AFD REALTY INC., a corporation, FRED DOCTOROVICH, an individual, ANATOLY DOCTORVICH, an individual, PALOMA FIERRO, an individual, COMPASS CALIFORNIA INC., a corporation, MARYIA PAKHOMAVA, an individual notary, ANI KAMIKYAN, an individual notary, U.S. BANK NATIONAL ASSOCIATION, as INDENTURE TRUSTEE FOR VCC2020MCI TRUST and Does 1 through 10,<br><br>Defendants. | Case No.: 2:23-cv-02345-MEMF-AS<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [ECF NO. 67]** |

Before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order. ECF No. 67. For the reasons stated herein, the Court hereby GRANTS the Ex Parte Application.

1

### I.  Factual & Procedural Background

On March 29, 2023, Plaintiff Zollie Stevens ("Stevens") initiated the instant action against a number of Defendants for causes of action arising out of alleged identity theft and fraudulent loans. ECF No. 1 ("Complaint"). Defendants moved to dismiss the Complaint, which the Court granted on September 15, 2023. ECF No. 60 ("MTD Order"). The Court's order focused on Stevens's sole federal claim, and found it barred, and therefore dismissed it with prejudice and declined to exercise supplemental jurisdiction over the remaining state claims. *Id.* However, the Court granted Stevens leave to amend to add an additional federal claim. *Id.*

Stevens filed his First Amended Complaint, adding in a cause of action for violation of the Real Estate Settlement and Procedures Act ("RESPA") in addition to his prior state claims. ECF No. 62 ("FAC"). Defendants filed a Joint Motion to Dismiss on the FAC, which is set for hearing on February 8, 2023. ECF No. 63 ("Joint MTD").

On December 5, 2023, Stevens filed an Ex Parte Application for a Temporary Restraining Order, requesting that the Court enjoin Defendant Velocity Commercial Capital LLC ("Velocity") from a foreclosure sale scheduled to occur on December 7, 2023. ECF No. 68 ("TRO"). Specifically, Stevens alleges that Defendants have a deed of trust on a property located at 1541 North Stanley Avenue, West Hollywood, CA 90046 ("N. Stanley") for which he never signed a promissory note. *See* TRO at 1. Stevens alleges that Defendants are improperly attempting to foreclose on the property.

On December 6, 2023, Velocity filed an opposition to the TRO. ECF No. 71 ("Opposition"). The Court heard the matter on December 6, 2023.

### II.  Applicable Law

The legal standard for a temporary restraining order is substantially similar to the standard for a preliminary injunction. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm

in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20 ("*Winter* Test"). Under the "serious question" approach adopted by the Ninth Circuit, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

At this stage, the Court is only determining whether Stevens has met his burden for a TRO. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Accordingly, the Court is not making a final decision on the merits of any claim, nor is it a decision on the merits of the factual assertions either party made in support of any claim. *See id.*

### III. Discussion

For the reasons discussed below, the Court finds that Stevens has met his burden for a TRO.

#### A. Velocity is a proper party to direct the TRO at issue.

In its Opposition, Velocity argues that Stevens has directed his TRO at the wrong party, as it has "assigned its beneficial interest in the subject loan and deed of trust in 2020" to Defendant U.S. Bank National Association, as Indenture Trustee for VCC 2020-MC1 Trust (the "Trust"). Opposition at 3. However, the Court finds that Velocity is a proper party to direct a TRO related to the foreclosure to. "A 'beneficial interest' is a '[p]rofit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from the legal ownership." *RC Royal Development & Realty Corp. v. Standard Pacific Corp.*, 177 Cal. App. 4th 1410, 1419 (2009). Despite the transfer of any beneficial interest, Velocity does not disclaim that it still has legal ownership of the deed of trust. Moreover, Velocity has stated that it is an "authorized agent of the Trust" to which the beneficial interest as transferred—therefore, it appears to the Court Velocity has authority over the Trust even if the Trust ultimately has authority over the foreclosure. Finally, it is clear from the emails Velocity submits in support of its Opposition that it does have power to postpone the foreclosure. ECF No. 73 ("Ward Decl."), Ex. F. At the hearing, counsel for Velocity confirmed that it would have the capability to stop the foreclosure.

Accordingly, the Court finds that Velocity is a proper party to enjoin for the relief sought.

**B.     The Ex Parte Application was brought under exigent circumstances.**

As a general matter, it is widely understood that ex parte relief is only justified where both of the following elements are present: (1) irreparable harm will result if the matter is not heard in the regular manner—namely a noticed motion on the usual briefing schedule—and (2) the party seeking ex parte relief did not create the state of affairs that necessitates ex parte relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Velocity argues that the circumstances demonstrate no exigency for which an ex parte is proper, and that Stevens has known about the date of the sale since October 20, 2023. Opposition at 4.

The Court finds that based on the emails submitted by the parties, Stevens did not act unreasonably. Specifically, as of October 25, 2023, counsel for Velocity stated that it was able and willing to postpone the sale date "within reason" to allow Stevens to dismiss the federal action and refile its claims in state court. Ward Decl., Exh. F. Although it is unclear what transpired between the parties after this email such that no dismissal was filed an no state action was refiled, the Court notes that the Motion to Dismiss on the FAC was filed after this date, on November 1, 2023. ECF No. 63. On December 4, 2023, counsel for Stevens emailed counsel for Velocity asking if they could "get this sale date postponed against please" until the hearing on the Motion to Dismiss. ECF No. 67-1 ("Murphy Decl."), Ex. 1. It appears that counsel for Stevens expected that Velocity would postpone the same as they have previously done without issue, as substantially similar claims were at issue in the FAC. Although counsel for Stevens could have confirmed the postponement earlier, the Court does not find that counsel acted unreasonably under the circumstances. Stevens brought the TRO the day after finding out that Velocity would not in fact postpone the sale.

Accordingly, the Court finds that sufficient exigent circumstances exist to justify the bringing of an ex parte.

/ / /

/ / /

### C. Stevens has shown a likelihood of success on the merits.

In his moving papers, Stevens does not focus on any particular cause of action as to this prong. At the hearing, counsel for Stevens argued that the request for relief was based in particular on Stevens's Fourth Cause of Action for Slander of Title and Ninth Cause of Action for Identity Theft.[1] Counsel for Velocity noted that the cause of action for Identity Theft was not pleaded against Velocity. Nevertheless, the Slander of Title cause of action is pleaded against Velocity, and the Court finds that it appears it would give Stevens access to the relief requested in the TRO.

The parties dispute whether Stevens signed a promissory note giving rise to Velocity's deed of trust over N. Stanley. In support of its Opposition, Velocity submitted a declaration from a notary asserting that she had met with Stevens on January 7, 2020 and signed a promissory note. ECF No. 72-1 ("Kamikyan Decl."). Counsel for Stevens asserted at the hearing that Stevens had never met with Ms. Kamikyan. If the facts show that the deed of trust at issue was fraudulent, and if Stevens's title to N. Stanley was slandered based on this fraud, Velocity would have no power to foreclose on the property. Accordingly, the Court finds that there is at least a serious question as to whether the promissory note and deed of trust was procured by fraud.

### D. Stevens has shown a likelihood of irreparable harm.

A plaintiff seeking a preliminary injunction must show that irreparable harm is not just possible, but "likely." *Winter*, 555 U.S. at 22. Here, Stevens has alleged that the property at issue is his home. The Court finds that the unjust foreclosure of his home would constitute a clear showing of irreparable harm. *See Sundance Land Corp. v. Community First Federal Sav. And Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (finding that foreclosure on a unique property would cause "immediate, irreparable injury" and therefore there was basis for injunctive relief).[2]

---

[1] Although the Court declined supplemental jurisdiction of Zollie's state law claims based on dismissal of the previous federal Truth in Lending Act claim, the Court has not dismissed these claims and supplemental jurisdiction may properly be exercised by this Court if Zollie is able to state a federal claim under RESPA. Therefore, the Court does not find it relevant whether or not a RESPA claim gives rise to injunctive relief as Velocity argues. *See* Opposition at 3.

[2] At the hearing, counsel for Velocity argued that the loan at issue was a business purpose loan, such that there is no unique characteristics about the property. Counsel for Stevens disputed this.

      **E.**     **The balance of equities tips in favor of Stevens.**

In analyzing the balance of equities, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24. In this case, if the Court does not issue an injunction, it is likely that Stevens will suffer irreparable harm. However, if the Court does issue an injunction, the status quo will be maintained, and although Defendants may suffer some amount of economic injury, such harm could be compensated monetarily.[3] Therefore, the Court finds that the balance of equities tips in favor of granting a preliminary injunction.

      **F.**     **An injunction does not adversely affect the public interest.**

"The public interest analysis for the issuance of a preliminary injunction requires us to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *California Pharmacists Ass'n v. Maxwell-Jolly*, 596 F.3d 1098, 1114–15 (9th Cir. 2010), *vacated and remanded on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. California*, Inc., 565 U.S. 606 (2012). The parties do not raise, and the Court does not find, that there are any significant public interest considerations at issue here that would be affected by the issuance of a TRO.

**IV.**    **<u>Conclusion</u>**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendant Velocity Commercial Capital LLC, is hereby temporarily restrained from foreclosing on Plaintiff Zollie Stevens's real property, located at 1541 North Stanley Avenue, West Hollywood California 90046 until such time the Court issues an order on a preliminary injunction.

/ / /

/ / /

/ / /

/ / /

---

[3] Neither party raised the issue of a bond.

2. The parties are ordered to meet and confer and file a stipulation, within 7 days of this Order, as to a briefing schedule on a motion for preliminary injunction. The parties shall address in the joint stipulation their request with respect to the sequence in which the motion for preliminary injunction and the pending motion to dismiss would be heard and decided. Based on the stipulation, the Court will set a hearing as to whether a preliminary injunction should issue pending resolution on the merits of Plaintiff's claims.

IT IS SO ORDERED.

Dated: December 6, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge