1

2

3

4

5

6

7

8

**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| ZOLLIE STEVENS, an individual, Z REAL ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>VLADIMER MIKHAILOVICH ISPEROV, an individual, BORIS DORFMAN, an individual, LENDING BEE, INC, a corporation, VELOCITY COMMERCIAL CAPITAL LLC, a corporation, IRIDIUM LLC, a corporation, AFD REALTY INC., a corporation, FRED DOCTOROVICH, an individual, ANATOLY DOCTORVICH, an individual, PALOMA FIERRO, an individual, COMPASS CALIFORNIA INC., a corporation, MARYIA PAKHOMAVA, an individual notary, ANI KAMIKYAN, an individual notary, U.S. BANK NATIONAL ASSOCIATION, as INDENTURE TRUSTEE FOR VCC2020MCI TRUST and Does 1 through 10,<br><br>Defendants. | Case No.:  2:23-cv-02345-MEMF-AS<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS [ECF NO. 63] AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 84]** |

23

24

25

26

27

28

Before the Court is a Joint Motion to Dismiss filed by Defendants Vladimir Mikhailovich Isperov, Boris Dorfman, Lending Bee, Inc., Velocity Commercial Capital LLC, Iridium LLC, AFD Realty Inc., Fred Doctorovich, Anatoly Doctorovich, Paloma Fierro, Compass California Inc., Mariya Pokhomova, Ani Kamikyan, and U.S. Bank National Association as indenture trustee for VCC2020 MCI Trust ("Defendants"), and a Motion for Preliminary Injunction filed by Plaintiff

Zollie Stevens. ECF Nos. 63, 84. For the reasons discussed below, the Court GRANTS the Motion to Dismiss without leave to amend and DENIES the Motion for Preliminary Injunction.

## I. **Factual Background**[1]

The Court has laid out in detail the facts alleged by Plaintiff Zollie Stevens ("Stevens") in its prior Order Granting Motions to Dismiss. ECF No. 60 ("MTD Order"). To briefly summarize, this action concerns Stevens's allegations that Defendants fraudulently entered into loans in his name secured by his property, kept the proceeds for themselves, and then began foreclosing on those loans. At issue currently is Stevens's allegation that Defendant Velocity Commercial Capital, LLC ("Velocity") failed to timely respond to a Qualified Written Request ("QWR"). Specifically, Stevens has alleged that on February 20, 2023, he sent a QWR to Velocity to see a copy of his promissory note that contained a signature and any and all assignments of his deed of trust; according to Stevens, he did not receive a response—in violation of the Real State Settlement Procedures Act ("RESPA"). FAC ¶ 106, Ex. 45.

## II. Procedural History

Stevens initially filed his Complaint in this Court on March 23, 2023 against Defendants, bringing causes of action for: (1) Violation of the Truth in Lending Act ("TILA"), (2) Fraud, (3) Negligent Misrepresentation; (4) Slander of Title; (5) Cancellation of Instruments; (6) Quiet Title; (7) Breach of Fiduciary Duty; (8) Civil Theft; (9) Identity Theft; and (10) Violation of Business & Professions Code § 17200 ("UCL"). ECF No. 1 ("Compl."). Defendants moved to dismiss the claims. ECF Nos. 24, 30, 37, 51.

On September 15, 2023, the Court issued an Order on the various Motions to Dismiss. MTD Order. The Court dismissed Stevens's sole federal claim, the TILA claim, without leave to amend, and declined to exercise supplemental jurisdiction over the remaining state claims. *Id.* However,

---

[1] The following factual background is derived from the allegations in Plaintiff's First Amended Complaint, ECF No. 62 ("FAC"), except where otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

Stevens raised at oral argument that he wished to add in a cause of action for violation of RESPA, another federal claim, and the Court granted him leave to amend to do so. *Id.*

On October 18, 2023, Stevens filed his First Amended Complaint adding an Eleventh Cause of Action for violation of RESPA against Velocity. FAC ¶¶ 180–186.[2] On November 1, 2023, Defendants filed the instant Joint Motion to Dismiss on the RESPA claim. ECF No. 63 (the "Motion").[3] On November 15, 2023, Stevens filed his opposition. ECF No. 65 ("Opposition"). On November 22, 2023, Defendants filed a reply. ECF No. 66 ("Reply").

Before the hearing on the Motion, Stevens moved *ex parte* for a Temporary Restraining Order on December 5, 2023, which was opposed by Velocity the next day. ECF Nos. 67, 71–73. After a hearing on the matter, the Court granted a TRO, temporarily restraining Velocity from foreclosing on Stevens's real property until the Court could hear a motion for preliminary injunction. ECF No. 76. On December 28, 2023, Stevens brought his Motion for Preliminary Injunction. ECF No. 84 ("PI Motion"). Velocity filed an opposition on January 4, 2024. ECF No. 85 ("PI Opp.").

On February 5, 2024, the Court deemed the two motions at issue appropriate for resolution without oral argument and vacated the hearing. ECF No. 87; *see also* C.D. CAL. L.R. 7-15.

### III.   <u>Applicable Law</u>

Defendants bring their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[2] Stevens inadvertently failed to remove the TILA claim in his FAC, which the parties have agreed is dismissed and which the Court has stricken from the FAC. ECF No. 64.

[3] Per the Court's prior Order, Defendants' arguments on the state law claims are preserved pending the Court's ruling on this Motion. MTD Order.

1    the misconduct alleged." *Id.*  Labels, conclusions, and "formulaic recitation of a cause of action's

2    elements" are insufficient.  *Twombly*, 550 U.S. at 545.

3    The determination of whether a complaint satisfies the plausibility standard is a "context-

4    specific task that requires the reviewing court to draw on its judicial experience and common sense."

5    *Iqbal*, 556 U.S. at 679.  Generally, a court must accept the factual allegations in the pleadings as true

6    and view them in the light most favorable to the plaintiff.  *Soo Park v. Thompson*, 851 F.3d 910, 918

7    (9th Cir. 2017); *Lee*, 250 F.3d at 679.  But a court is "not bound to accept as true a legal conclusion

8    couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

9    As a general rule, leave to amend a dismissed complaint should be freely granted unless it is

10   clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St.*

11   *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

12       **IV.**   **Discussion**

13   The Court GRANTS the Motion on the basis that Stevens's QWR did not trigger any duty to

14   respond under RESPA, finds that any proposed amendment would be futile, and therefore dismisses

15   the claim without leave to amend. The Court further declines to exercise supplemental jurisdiction

16   on the remaining state claims under 28 U.S.C. § 1367(c).

17       **A.**    **The RESPA Claim is Inadequately Pleaded as a Matter of Law**

18   Defendants bring six distinct arguments against Stevens's RESPA claim. The Court

19   addresses the arguments below and finds the RESPA claim inadequately pleaded.

20              1.   The loans are sufficiently pleaded to be federally related under RESPA.

21   Defendants first argue that RESPA only applies to "federally related mortgage loan[s]." 12

22   U.S.C. §§ 2602, 2605. A "federally related mortgage loan" includes any loan that is "secured by a

23   lien on residential property designed for one to four families," and meets one of four additional

24   criteria: (1) is made by a federally insured or regulated lender, (2) is insured, guaranteed,

25   supplemented, or assisted by the federal government in connection with a housing or related

26   program administered by the government, (3) is intended to be sold on the secondary mortgage

27   market, or (4) is made by a creditor who makes or invests in residential real estate loans aggregating

28

over $1 million per year. 12 U.S.C. § 2602; *see Edwards v. First American Corp.*, 289 F.R.D. 296, 304 (C.D. Cal. Nov. 30, 2012).

Here, the loan at issue is over $1 million. *See* FAC ¶ 24; QWR (identifying loan of $1,762,500). Therefore, the loan is federally related under 12 U.S.C. § 2602(1)(B)(iv) as Velocity would qualify as a creditor who made loans aggregating at least $1 million in the relevant years.[4] Defendants argue that Stevens alleges that Velocity is a "hard money" lender, which is the equivalent of a private lender. Motion at 7; FAC ¶ 10. Stevens argues that the loans at issue fall under the ambit of 12 U.S.C. 2602(1), which covers loans made by lenders with bank accounts insured by the federal government. Opposition at 9. Stevens states that the lender (presumably Velocity) undoubtedly has bank accounts in the United States that are guaranteed and insured by the federal government. *Id.* The Court finds that the statutory language is clear that regardless of the private nature of Velocity, RESPA applies if any of Velocity's "deposits or accounts" are insured by any federal agency. 12 U.S.C. § 2602(1)(B)(i). Regardless, the Court does not find it necessary to reach whether it is a reasonable inference that a California lender would have accounts in the United States that are federally insured or regulated, as the loan qualifies under Section 2602(1)(B)(iv).

Accordingly, the Court does not find this argument sufficient to grant the Motion.

2. Stevens has failed to properly plead that his QWR required a response under RESPA.

Next, Defendants argue that the QWR Stevens submitted to Velocity does not sufficiently qualify as a QWR under RESPA. Under RESPA, a QWR is "written correspondence" that (1) includes the borrower's name and account, and (2) "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

---

[4] While Stevens also argues that he did not receive any loan except through fraud, this does not appear relevant here. Opposition at 9. Nevertheless, the Court finds Defendants' reliance on *Keen v. Helson* to argue that Stevens would not have standing if he is not the borrower unavailing, as in *Keen*, the Sixth Circuit made clear that "only people who are personally obligated under a loan" can be a borrower. 930 F.3d 799, 802 (6th Cir. 2019). Here, whether Stevens was duped into the loan or not, he has clearly alleged he is the one obligated by it, and therefore would qualify as a borrower.

Defendants argue that the QWR does not pertain to loan servicing, and merely requests documents. Motion at 7. Section 2605(e)(1)(B)(2), which defines a QWR, plainly does not require that the statement of reasons pertain to loan servicing; it merely requires the borrower to identify the information he is seeking. 12 U.S.C. § 2605(e)(1)(B)(2). The Court finds that Stevens's QWR facially meets the requirements of Section 2605(e)(1)(B)(2) to be defined as a QWR. *See* Ex. 45 (requesting signed promissory note, evidence of transfers, and evidence of satisfaction).

However, RESPA places an obligation on servicers to respond to QWRs "for information relating to the servicing" of the loan. 12 U.S.C. § 2605(e)(1)(A). Therefore, there is no obligation to respond to the QWR if the request does not pertain to loan servicing. *See Medrano v. Flagstar*, 704 F.3d 661, 665 (9th Cir. 2012) (explaining that "a servicer must respond to such a letter if it requests or challenges 'information relating to the servicing of such loan'"). "RESPA defines the term 'servicing' to encompass only 'receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments." *Id.* Importantly, the Ninth Circuit has instructed that servicing "does not include the transactions and circumstances surrounding a loan's origination— facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement." *Id.* at 666–67. Stevens's QWR clearly does not seek any information regarding payments about his loan—the QWR asserts that he is "disput[ing] and question[ing] the alleged debt" and therefore is seeking the documents requested. Ex. 45. This type of inquiry clearly triggers no duty to respond under RESPA. If there is no duty to respond, Stevens's alleged failure to get a response from Velocity does not constitute a RESPA violation as pleaded.

Accordingly, the Court GRANTS the Motion, as the nature of the QWR does not trigger any duty to respond. However, Stevens argues that the Motion raises grounds for him to allege another RESPA violation—that he was not provided with the identity of his servicer, or notice that it had changed as required by Section 2605(a) and (b), and seeks leave to amend. Opposition at 11, 15. Defendants do not address this argument in their Reply. Although the Court need not reach Defendants' remaining arguments as to this Motion, the Court will address Defendants' remaining arguments considering whether the proposed amendment might be futile. For the reasons discussed

herein, the Court also finds that any proposed RESPA violation would be futile. Therefore, the Motion is granted without leave to amend.

### 3. Velocity's status as a servicer is irrelevant to the sufficiency of any RESPA claim.

Defendants' next two arguments are related to the prior one—namely, that Velocity was not the proper recipient for the QWR as it was not the servicer, and regardless cannot be liable as it is not a servicer. Based on the Court's finding above, it is irrelevant whether Velocity was a servicer, as the QWR on its own would not trigger a duty to respond no matter who it was sent to. However, Velocity's status as a servicer is also irrelevant to its liability under Stevens's proposed amendment, as the requirement to notify the borrower of their servicer does not apply to servicers specifically. 12 U.S.C. § 2605 (a), (b). Rather, it applies to the entity who is making the loan, and it appears that Velocity may be liable under this basis. *Id.*

Accordingly, the Court does not find it a basis to preclude the proposed amendment.

### 4. Stevens has not adequately pleaded damages under RESPA.

Under RESPA, damages are awarded to individuals for (1) actual damages "as a result of the failure [to comply with the provisions of Section 2605]" and (2) additional damages "in the case of a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1).[5] Defendants note that Stevens has not alleged any damages from a RESPA violation specifically. Motion at 8. Stevens has alleged that because Velocity did not have a promissory note, it had no right to exercise power of sale in a foreclosure, and therefore "everything [Velocity] is claiming" in the Notice of Trustee's Sale ($2,709,637.74) are his damages. FAC ¶ 185, Ex. 65 ("Notice of Trustee's Sale"). Stevens argues that the failure to respond to the QWR is "directly related to the non-validity of the loan since they had no signed promissory note." Opposition at 13.[6] But, as the Ninth Circuit has explained, RESPA

---

[5] It appears undisputed that the latter, statutory damages from a pattern of noncompliance, is not at issue here, and in any case has not been pleaded by Stevens.

[6] Although not cited in his Opposition, Zollie appears to have obtained the "related to" language from non-binding authority cited in his FAC. FAC ¶ 185, citing *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1095 (E.D. Cal. June 30, 2010).

1  "provides an action for damages against mortgage-loan servicers who fail to respond to certain types

2  of inquiries from borrowers." *Medrano*, 704 F.3dat 663.

3         Stevens's alleged damages are untethered to the purpose of RESPA—Section 2605 is titled

4  "Servicing of mortgage loans and administration of escrow accounts," and damages under it are

5  limited to damages "as a result of the failure [to comply with any provision of this section]." 12

6  U.S.C. § 2605(f)(1)(A). Whether the violation is a failure to respond to the QWR or a failure to

7  notify Stevens about a change in his servicer, it is unclear how this leads to damages arising from

8  whether Velocity had a signed promissory note.[7] For example, Stevens is not alleging that lack of

9  communication about his servicer led to him missing payments that resulted in increased payments

10 or damaged credit. His allegations are that the loan was fraudulently procured, and presumably

11 Stevens does not think he should have had to pay anything at all, and did not intend to pay anything

12 whether or not he knew who his servicer was. In any scenario, based on Stevens's posture in this

13 case, whether Velocity had a valid promissory note clearly goes towards the validity of the loan

14 itself, not the servicing of the loan—in fact this appears to be Stevens's argument justifying the

15 damages. But, RESPA is the inappropriate vehicle for the damages Stevens wishes to recover.

16        Accordingly, the Court finds that this is an additional basis to grant the Motion, and

17 moreover, finds it a basis to grant the Motion without leave to amend, as any amendment to plead an

18 additional RESPA claim under Section 2605 would be futile.

19

20

21

22

23  / / /

24  / / /

25  / / /

26

27  _____

28  [7] Stevens's cites 12 U.S.C. § 2605(a)–(b) for his proposed amendment; therefore, the damages of any amended RESPA claim would still fall under the ambit of Section 2605(f). Opposition at 11.

1                5.   <u>Defendants have not shown that the loans are necessarily business loans,</u>

2                    <u>thereby qualifying Defendants for an exception under RESPA.</u>

3       The Court previously dismissed Stevens's TILA claim due to the statute of limitations, but

4 found that had it been timely, Defendants had not shown that the loans were business loans exempt

5 from TILA because "[r]eceiving a loan to renovate a house would appear to qualify as a household

6 purpose for a consumer loan, regardless of whether Stevens intended to rent out his home at some

7 time in the future." MTD Order at 9. Defendants have raised no new arguments as to why exemption

8 under RESPA would be different. *See* 12 U.S.C. § 2606 (exempting loans "primarily for business"

9 purposes). Defendants note in reply that Stevens did not oppose this argument, but Stevens did raise

10 the Court's prior holding that it had not found the TILA claim exempt for similar reasons.

11 Opposition at 6.

12       Accordingly, the Court does not find this a basis to preclude the proposed amendment.

13       **B.**     **The Court Declines to Exercise Supplemental Jurisdiction**

14       Given that again the Court has dismissed the sole federal claim out of eleven causes of

15 action, the Court declines to exercise supplemental jurisdiction over the remaining state claims for

16 the reasons discussed in its MTD Order. MTD Order at 12.

17       **C.**     **Based on the Court's Findings on the Motion to Dismiss, the Court Denies**

18 **Stevens's Preliminary Injunction Motion**

19       In light of the Court granting the Motion to Dismiss and declining to exercise supplemental

20 jurisdiction over the remaining state claims, the Court no longer has jurisdiction over this matter and

21 therefore must deny Stevens's Motion for Preliminary Injunction.[8]

22   **V.**     <u>**Conclusion**</u>

23       For the foregoing reasons, the Court hereby ORDERS as follows:

24   1.  The Joint Motion to Dismiss (ECF No. 63) is GRANTED;

25

26

27 [8] Moreover, to succeed in the PI Motion, Stevens would have to show a likelihood of success as a required element of a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Stevens's

28 PI Motion argues a likelihood of success based on his RESPA claim, and given the Court's findings herein on that claim, he would be unable to show a likelihood of success.

2.  Stevens's RESPA claim (Eleventh Cause of Action) is DISMISSED without leave to amend;

3.  Steven's remaining claims are DISMISSED without prejudice;

4.  The Court lifts its Order Granting Stevens's Ex Parte Application for a Temporary Restraining Order (ECF No. 76); and

5.  The Court DENIES Stevens's Application for Preliminary Injunction (ECF No. 84).


IT IS SO ORDERED.


Dated: February 6, 2024                    _____

                                           MAAME EWUSI-MENSAH FRIMPONG

                                           United States District Judge